The Honorable Timothy W. Dore
Chapter 7
Hearing Date: September 6, 2024
Hearing Location: U.S. Courthouse, Room 8106
Hearing Time: 9:30 AM
Response Date: August 30, 2024

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| IN RE:<br><br>KRISTINE BRECHT,<br><br>Debtor. | NO. 24-10239-TWD<br><br>TRUSTEE'S REPLY IN SUPPORT OF MOTION FOR ORDER APPROVING SALE OF REAL PROPERTY FREE AND CLEAR OF LIENS |

**Table of Contents**

I. INTRODUCTION ................................................................................................................ 2
II. AUTHORITY & ARGUMENT ......................................................................................... 2
   A. The Debtor has not presented any evidence that $2,700,000 does not reflect the market value of the property. ........................................................................................................ 2
   B. The Debtor does not have a homestead exemption in the Property because she did not own the Property at the time of the bankruptcy filing............................................................ 3
III. CONCLUSION .................................................................................................................. 5

TRUSTEE'S REPLY IN SUPPORT OF MOTION FOR ORDER APPROVING SALE OF REAL PROPERTY FREE AND CLEAR OF LIENS - 1

**BORDE LAW PLLC**
1700 7th Ave., Suite 2100
Seattle, Washington 98101
(206) 531-2722

## I. INTRODUCTION

The Court should grant the Trustee's Motion for Order Approving Sale of Real Property Free and Clear of Liens (the "Motion"). The Debtor has not presented any evidence that the $2,700,000 proposed purchase price does not reflect the market value of 1865 SW Miller Creek Road, Normandy Park, WA 98166 (the "Property"). In addition, the Debtor's contention that she is entitled to a homestead exemption in property she did not own at the time of the filing of the bankruptcy petition is contrary to law.

## II. AUTHORITY & ARGUMENT

A. <u>The Debtor has not presented any evidence that $2,700,000 does not reflect the market value of the property.</u>

Although footnote 1 of the Debtor's Response to Motion to Sell Property Free and Clear of Liens provides "the Debtor does not officially object" to the Trustee's motion, the Debtor contends the sale price is lower than the appraisals or market price. However, the Debtor has failed to present *any* appraisals or admissible evidence concerning the fair market value of the Property, and instead simply argues, without supporting evidence, that the sales price is not what she thinks it should be.

The unique attributes of the Property were taken into account, as set forth in chapter and verse in Paragraphs 4 to 8 of the supporting declaration of Kailee Rainey (Dkt. No. 82). And at the end of the day, the market is the best indicator of the value of real property. The Property was listed at the best time (the spring), and was on the market for four (4) months before the $2,700,000 offer was accepted. As set forth in the supporting declaration of Ms. Rainey at Dkt. No. 82, the market was tested and has spoken:

> 10. The Trustee agreed to start with a high price because out of the desire to account for the possibility of a buyer in that price range looking for such a unique property. We did not want any of the interested parties (Debtor or creditor) to feel like the Trustee had underpriced it. No doubt, if we had priced at $3 million, and gotten an immediate offer, they would have filed it was underpriced. The price drops made by the Trustee were all at benchmark numbers, in hopes of opening the potential buyer market to those who had

capped their search at $5M, $4M, and $3.5M. On April 9th, we dropped the price to $4,985,000. On May 10th we dropped the price to $3,950,000 (this was out biggest "rush" of showings with multiple new potential buyers in a 7-day period). On June 27th 23 dropped the price to $3,495,000. On July 24th, the Trustee accepted the offer from the Talwars at $2,700,000.

11. Including the buyers who are under contract, we have had a total of 5 buyers who considered putting in an offer and made multiple visits and/or inquiries for information on the Property. Even after the acceptance of the current offer at $2.7 million, none of the previously interested buyers have come forward to offer a competing bid, which per the contract need only be 1% higher than the current offer.

The Debtor's unsupported contentions concerning the Property's value do not outweigh the evidence provided in support of the sale motion. The Court should authorize the Trustee to proceed with the sale to the Talwars.

B. The Debtor does not have a homestead exemption in the Property because she did not own the Property at the time of the bankruptcy filing.

RCW 6.13.010 provides, in relevant part, that "The homestead consists of real or personal property that ***the owner or a dependent of the owner*** uses as a residence." RCW 6.13.010(1) (emphasis added). It is undisputed that at the time the bankruptcy petition was filed, the Property was owned by Beach Rejuvenation, LLC, and not the Debtor. *See* Dkt No. 37 (Stipulation Regarding Avoidance of Transfer of Normandy Park Property) and Dkt. No. 39 (Agreed Order).

The "snapshot rule" mandates that Court sustain the Trustee's objection to the Debtor's homestead, precisely because the Debtor did not, at the time of the bankruptcy filing, own the Property. *In re Anderson*, 613 B.R. 279 (9th Cir. BAP 2020) is inapposite because in *Anderson*, it was undisputed that the debtor had an ownership interest in the subject property:

> On her schedules, Debtor listed a 15 percent interest in real property . . . (the "Property"), which she co-owns with her parents.

*In re Anderson*, 613 B.R. 279, 280 (9th Cir. BAP 2020).[1]

---

[1] *See also* Declaration of Michael P. Klein in Support of Reply in Support of Motion for Order Approving Sale of Real Property Free and Clear of Liens, ¶ 2.

TRUSTEE'S REPLY IN SUPPORT OF MOTION FOR ORDER APPROVING SALE OF REAL PROPERTY FREE AND CLEAR OF LIENS - 3

**BORDE LAW PLLC**
1700 7th Ave., Suite 2100
Seattle, Washington 98101
(206) 531-2722

Instead, the issues before the BAP in *Anderson* were whether: ". . . (1) [the Debtor] lacked the intent to reside [at the subject property], and (2) under Washington law [the Debtor] had abandoned the property and was thus no longer entitled to claim the homestead exemption." *In re Anderson*, at 613 B.R. 280.

Unlike in *Anderson*, Debtor Brecht was not a homeowner at the time the bankruptcy petition was filed. It is not even clear she was the sole owner of Beach Rejuvenation, LLC, given David Blake Gibbons appears to have been the Managing Member of the LLC. But even if Debtor Brecht owned 100% of Beach Rejuvenation, LLC, it still does not mean she is entitled to a homestead exemption.

It is axiomatic that in Washington, a member of an LLC does not have an interest in property owned by the LLC; instead the LLC member has a personal property interest in the LLC. "A member *has no interest* in specific limited liability company property." RCW 25.15.246(1) (emphasis added). Accordingly, under Washington law, even if Debtor Brecht owned 100% of Beach Rejuvenation, LLC at the time of the bankruptcy filing, she did not have an interest in the Property. Beach Rejuvenation, LLC did.

In 2015, the Washington State Court of Appeals similarly held that shareholders of a corporation could not claim a homestead exemption in real property owned by the corporation:

> Our Supreme Court has held that a corporation's shareholders have no property interest in that corporation's physical assets because corporations are separate organizations with different privileges and liabilities from shareholders. *Christensen v. Skagit County,* 66 Wash.2d 95, 97, 401 P.2d 335 (1965). Moreover, living on a property, standing alone, does not create a legal or equitable interest in the property sufficient to claim a homestead. *See SSG Corp. v. Cunningham,* 74 Wash.App. 708, 714, 875 P.2d 16 (1994).
>
> Here, the trial court quieted title to the 89th Street Property in Unique, and the Rehes did not challenge this determination. The Rehes lost any interest in the land and money they contributed to Unique when they contributed it. *See Christensen,* 66 Wash.2d at 97, 401 P.2d 335. The mere fact they live on the property does not give them a legal or equitable interest in the property to claim a homestead exemption. *See SSG Corp.,* 74 Wash.App. at 714, 875 P.2d 16.

1 | *Northwest Cascade, Inc. v. Unique Const., Inc.*, 187 Wash. App. 685, 702, 351 P.3d 172

(2015). Accordingly, even if Debtor Brecht owned 100% of Beach Rejuvenation, LLC at the time of the bankruptcy filing (which is in question given Mr. Blake Gibbons was the Managing Member of the LLC), she was not the owner of the Property, and thus is precluded from claiming a homestead exemption.

### III. CONCLUSION

For the foregoing reasons, the Court should grant the Trustee's Motion for Order Approving Sale of Real Property Free and Clear of Liens.

DATED this 3rd day of September, 2024.

>  /s/ Manish Borde
> Manish Borde, WSBA #39503
> BORDE LAW PLLC
> 1700 7th Ave., Suite 2100
> Seattle, WA 98101
> Telephone: (206) 531-2722
> mborde@bordelaw.com
> ***Attorney for Trustee***

# PROOF OF SERVICE

The undersigned hereby certifies that on September 3, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the CM/ECF participants.

DATED this 3rd day of September, 2024.

/s/ Manish Borde
Manish Borde, WSBA #39503
BORDE LAW PLLC
1700 7th Ave., Suite 2100
Seattle, WA 98101
Telephone: (206) 531-2722
mborde@bordelaw.com
*Attorney for Trustee*